**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JAMES McNAIR AND SHANKARA McNAIR,** | * |
| | * |
| **Plaintiffs** | * |
| | * |
| v. | *   Civil No. PJM 04-2341 |
| | * |
| **FEDEX GROUND PACKAGE SYSTEM** | * |
| | * |
| **Defendant** | * |

**MEMORANDUM OPINION**

On January 5, 2007, the Court held a hearing and issued an oral ruling granting Defendant FedEx's Motion for Summary Judgment [Paper No. 33]. The Court now *sua sponte* reconsiders its ruling with respect to the false arrest, false imprisonment and loss of consortium counts. Accordingly, the Court will REINSTATE the claims for false arrest and false imprisonment IN PART, as well as the claim for loss of consortium IN FULL.

**I.**

In its oral opinion granting Fed Ex summary judgment on the false arrest count, the Court reasoned that Fed Ex's employees were privileged to effectuate a private arrest of Plaintiff McNair because as a matter of law they possessed probable cause to believe he had committed a felony.[1] However, the Court overlooked the apparent requirement that, in order for the privilege of private arrest to attach, a felony must in fact have been committed even if not witnessed by the individual making the arrest: "In Maryland a private person has authority to arrest without a warrant only

---

[1] The value of the sneakers believed to stolen was reported as $1200. Maryland law makes any theft over $500 a felony. Md. Code Ann., Crim. Law § 7-104(g).

1

when 1) there is a felony being committed in his presence or when a felony *has in fact been committed* whether or not in his presence, and the arrester has reasonable ground[s] (probable cause) to believe the person he arrests has committed it. . . . " *Clagett v. State of Maryland*, 108 Md. App. 32, 44, 670 A.2d 1002, 1007 (Md. Ct. Spec. App. 1996), citing *Great Atlantic & Pacific Tea Co. v. Paul,* 256 Md. 643, 655 (1970) (emphasis added). *See also Horn v. City of Seat Pleasant, Maryland*, 57 F. Supp.2d 219, 225 (D. Md. 1999); *Ashton v. Brown*, 339 Md. 70, 121, 660 A.2d 447, 472 (Md. 1995) ("A private individual may make a warrantless arrest only when a felony has in fact been committed"); *Stevenson v. State of Maryland*, 287 Md. 504, 513, 413 A.2d 1340, 1345 (Md. 1980). The Court finds that although probable cause existed for FedEx's employees to believe that a felony had been committed by McNair, whether a felony was *actually* committed remains an open question.

The Court emphasizes, however, that the false arrest claim may go forward only with respect to the actions taken by the FedEx employees acting as private citizens in effectuating their arrest of McNair. No false arrest claim is maintainable with respect to the actions taken by the police in connection with their arrest of McNair. Further, notwithstanding the reinstatement of the false arrest claim to the extent indicated, the claim for punitive damages may not proceed. Punitive damages for false arrest must be based upon "conscious and deliberate wrongdoing, evil or wrongful motive, intent to injure, ill will, or fraud." *Scott v. Jenkins*, 345 Md. 21, 33, 690 A.2d 1000, 1005 (Md. 1997). There is no evidence of any such malice here, especially given the existence of probable cause to arrest.

## II.

The claim of false imprisonment is closely related to the claim of false arrest. An action for false imprisonment lies when there is (1) the deprivation of the liberty of another; (2) without his

consent; and (3) without legal justification. *Heron v. Strader*, 361 Md. 258, 260, 761 A.2d 56, 59 (Md. 2000). With the denial of summary judgment as to the false arrest claim, the question of legal justification for the detention is triggered. As in the false arrest context, the mere presence of probable cause alone is not enough:

> [W]hile the presence or absence of probable cause to believe that a crime was committed may be pertinent in some cases with regard to the lawfulness of the arrest, the actual element of the tort of false imprisonment is legal justification rather than probable cause. To the extent that the lawfulness of an arrest does not turn upon probable cause under Maryland law, probable cause will not be determinative of the legal justification issue in a false imprisonment action based on that arrest.

*Ashton,* 339 Md. at 120. Because "the test whether legal justification existed in a particular case has been judged by the principles applicable to the law of arrest," *id.,* and because, as noted above, the Court finds that the legality of the arrest in this case is an open question, FedEx is not entitled to summary judgment on the false imprisonment claim since it has not shown beyond dispute that its employees acted with legal justification.

Aside from the issue of legal justification, the Court finds that whether McNair consented to the detention he underwent also presents a genuine issue of material fact, given that McNair's deposition testimony is susceptible to different interpretations. Apart from that, the Court suggests that a question is also present as to the reasonableness of the detention. Not only was McNair detained by the side of the road, he was escorted back to the employer's facility for questioning. But for the statute, the shopkeeper's privilege to detain suspected shoplifters is the same as that of any private citizen. But even under the statute, the privilege "is one of detention *on the premises* for only the time necessary for a reasonable investigation." Restatement (Second) of Torts § 120A, cmt. (f) (emphasis added). A caveat in the Restatement leaves open the question whether the privilege "extends to the detention of one who has left the premises but is still in their immediate vicinity."

*Id.* at § 120A, cmt. (i). Here, there is a genuine issue of material fact whether FedEx's detention of McNair first by stopping him on the side of the road and then by transporting him to a new location went beyond what was reasonable under the circumstances. Summary judgment, therefore, is inappropriate.

However, as with the false arrest claim, FedEx is entitled to summary judgment as to the punitive damages claim for false imprisonment.

### III.

As the Court noted in its oral opinion, the claim for loss of consortium stands or falls with the existence of other tort claims. Now that the Court has allowed the false arrest and false imprisonment claims to go forward, the loss of consortium claim is once again viable.

### IV.

Accordingly, Defendant's Motion for Summary Judgment [Paper No. 33] is **GRANTED IN PART AND DENIED IN PART.** A separate order will be ENTERED.

|  |  |
|---|---|
|  | /s/ |
|  | PETER J. MESSITTE |
| January 10, 2007 | UNITED STATES DISTRICT JUDGE |